■ LONG ISLAND RAIL ROAD COMPANY, Respondent, v. CITY SCHOOL DISTRICT OF THE CITY OF LONG BEACH et al., Appellants.— In an action for a judgment declaring that, for the years 1949–1950 and 1950–1951, defendants are required to reduce the amounts of their assessments of plaintiff's property (for school tax purposes) to the amounts of the corrected and reduced county assessments, or in the alternative, to declare defendants' said assessments void, and for other relief, the defendants appeal from an order of the Supreme Court, Nassau County, dated October 27, 1960, denying their motion to dismiss the further amended and supplemental complaint on the ground that it does not state facts sufficient to constitute a cause of action. Order reversed, with $10 costs and disbursements, and motion granted. A previous amended and supplemental complaint was dismissed as not stating a cause of action, but with leave to serve a further complaint (*Long Is. R.R. Co. v. City School Dist. of City of Long Beach*, 4 Misc 2d 243). The ground for that decision was that under the applicable statute (Education Law, § 3503, repealed by Real Property Tax Law, § 1614 [L. 1958, ch. 959]), the giving of written notice of the claim for reduction of assessments to the Board of Education before the tax list was made out, was essential to entitle the claimant to a reduction; and that there was no allegation that such notice had been given. The instant complaint differs from the prior one only in that it contains an additional paragraph (No. 52). It is alleged in such paragraph that it had not been the practice of any of the defend-

ants to require or accept service of any such written notices of claim, and that it had not been the practice to serve such notices. We are in agreement with the holding on the dismissal of the previous complaint. Section 3503 of the Education Law was specific and unequivocal in making the giving of the notice a prerequisite to a reduction, by a Board of Education, in the valuation of property for school taxes. The clear purpose of the requirement was that such board should have the opportunity of seeking to sustain the assessments as made or that the board at least should have forewarning of an impending change in valuations affecting its tax base. With respect to the specific claims for reduction involved here, no allegation has been made that any of the defendants committed any act or made any statement which might be the basis of a claim of waiver or estoppel. A municipal corporation may not be held to have cast away the protective provisions of a statute upon the state of facts alleged in this complaint. We have found no basis in the complaint upon which it could be upheld. Kleinfeld, Christ, Pette and Brennan, JJ., concur; Ughetta, Acting P. J., dissents and votes to affirm, with the following memorandum: This appeal is from the denial of a motion to dismiss a further amended and supplemental complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The motion is addressed to the entire pleading, and accordingly, if in any aspect any cause of action is stated the motion must be denied (*Abrams* v. *Allen,* 297 N. Y. 52; *Lerman* v. *Johnson,* 280 App. Div. 935). The decision of the Special Term, passing upon the sufficiency of a prior complaint, is not controlling upon the appellate court in reviewing the order which passes upon the sufficiency of the present pleading. Upon examination of the entire present pleading it appears, *inter alia,* that the School District (although at the relevant times possessing statutory powers to enforce payment of taxes) adopted the assessment figures of the county and validly appointed the county its agent to enforce the payment of taxes under proper assessments. The county reduced its assessments by two thirds; and the proper taxes were paid. The present complaint adequately alleges a cause of action based on the binding effect of the actions of the School District's agent. It adequately alleges an alternative cause of action based on the invalidity of the separate assessments purportedly made by the School District. The complaint is sufficient as a pleading.