■ In the Matter of BARNARD EBERLIN, on Behalf of Himself and Other Tenants Similarly Situated in Premises 929 Park Avenue, New York City, Respondent, v. ROBERT E. HERMAN, as State Rent Administrator, et al., Appellants, and ABRAHAM HIRSCHFELD, Intervenor-Appellant.— Order entered July 2, 1962, unanimously reversed on the law, the determination of the State Rent Administrator, by order entered April 4, 1962, in all respects confirmed, and this article 78 proceeding dismissed, with $20 costs and disbursements to the appellant City Rent Administrator. The petitioner and tenants represented

by him do not have any standing for an attack upon the said determination of the State Rent Administrator which was rendered in conformity with and to carry out a Court of Appeals order directing, on stipulation, an order absolute against the tenants. The tenants, in prior proceedings, sought to annul and set aside orders of the State Rent Administrator of September 27, 1960 and May 5, 1961, affirming local rent administration orders fixing maximum rents on basis of a sale price valuation. This court, on an appeal to it, modified an order of Special Term which annulled the determinations of the State Rent Administrator and provided for a remand to enable the tenants to offer further proof on the issue of whether or not the pertinent sale involved "special circumstances" which affected the price and to thereon have a recomputation of maximum rents. The tenants, instead of availing themselves of this opportunity for a remand, elected to appeal to the Court of Appeals on stipulation "that upon affirmance of the order of the Appellate Division of modification and remand of the entire proceeding to the State Rent Administrator, an order absolute shall be rendered against the petitioner-appellant in favor of respondents." Thereby, the tenants necessarily assumed the hazard of the result of order absolute against them upon the whole matter and right in controversy. (See *Godfrey* v. *Moser*, 66 N. Y. 250, 254; *Hiscock* v. *Harris*, 80 N. Y. 402, 406, 407.) Therefore, on affirmance and direction of order absolute by the Court of Appeals, the State Rent Administrator properly reinstated his original orders. The reinstatement of the September 27, 1960 and May 5, 1961 orders of the State Rent Administrator fixing the maximum rents, pursuant to the mandate of the Court of Appeals, was not an increase of rents prohibited by section 6 of the Local Emergency Housing Rent Control Law (L. 1962, ch. 21). Said section by its terms prohibits an increase of rents "during the period between the effective date of this act [Feb. 17, 1962] and May first, nineteen hundred sixty-two, except with the voluntary written consent of the tenant affected." Here, the said orders for the rent increase, as now reinstated, were rendered and are effective as of a date prior to February 17, 1962 and, also, are effective because of the tenants' voluntary stipulation for order absolute. So, said section does not apply. Order, entered on September 4, 1962, denying landlord's application to intervene, unanimously reversed on the law and the facts and in the exercise of discretion, without costs, and landlord's application to intervene granted *nunc pro tunc,* as of September 4, 1962. Under the circumstances, we have received and considered the landlord's brief upon the merits in connection with the appeal from the July 2, 1962 order, which annulled the April 4, 1962 determination of the State Rent Administrator and remanded the matter to appellant City Rent Administrator. The statute (Civ. Prac. Act, § 193-b) is applied liberally to allow intervention whenever the substantial rights of the applicant may be affected by the determination of a pending action or proceeding. (See 2 Carmody-Wait, New York Practice, pp. 654–661; *Mann* v. *Compania Petrolera Trans-Cuba, S. A.,* 17 A D 2d 193; *Central Westchester Humane Soc.* v. *Hilleboe,* 202 Misc. 873.) On the record here, it is clear that the interests of the appellant landlord could be substantially affected by the ultimate determination of the present article 78 proceeding brought in behalf of the tenants. This landlord was an intervening party to the prior proceedings and to the appeals therein ultimately resulting in the order of the Court of Appeals directing, on stipulation, order absolute against the tenants. The present article 78 proceeding attacks a determination of the State Rent Administrator purporting to carry out the directions of the Court of Appeals and, in alleged conformity therewith, confirming the maximum rents previously fixed by local rent administration orders. Under these circumstances, the appellant's appli-

cation for leave to intervene herein and for reconsideration, made promptly upon his learning of the Special Term order annulling the said determination of the State Rent Administrator, should have been granted. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.