Mario Pittoni, J.
In this proceeding pursuant to article 78 of the Civil Practice Law and Rules, the petitioner requests a judgment directing the two groups of respondents (1) to issue a permit, and (2) to grant a tax exemption from village real property taxes. The respondents in turn move to dismiss the petition as untimely under section 179 of the Village Law and section 702 of the Real Property Tax Law.
In the first matter, the determination of the respondent Board of Appeals was filed on October 7,1963 in the office of the Village *1013 Clerk, and on October 8, 1963 the Village Clerk sent the petitioner’s attorney a copy of this determination. The present article 78 proceeding was instituted by service of the order to show cause and petition on January 2,1964, nearly three months after the respondent’s determination was duly filed. Therefore, this article 78 proceeding is untimely because “ Any person * * * aggrieved by any decision of the board of appeals * * * may apply * * # for relief by a proceeding under article seventy-eight * * *. [It] must be instituted * * * within thirty days after the filing of a decision in the office of the village clerk.” (Village Law, § 179-b.) The usual four-month period in which to start an article 78 proceeding does not apply here where ‘1 a shorter time is provided in the law authorizing the proceeding ” (Village Law, § 179-b; CPLR 217).
In the second matter, the determination of the respondent Board of Assessors was made and filed on March 11, 1963, and on the same day the board completed the assessment roll for 1963-1964 and also gave notice of the completion of that assessment roll by publication duly made in the Westbury Times, the official village newspaper. The last necessary publication was made on April 4, 1963. Again this article 78 proceeding is untimely because it was instituted January 2,1964, many months after notice of the assessment roll was duly completed in April, 1963. ‘ ‘ A proceeding to review an assessment of real property * * * shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment.” (Real Property Tax Law, § 702.) And again, the four months’ period in which to start the usual article 78 proceeding does not help the petitioner since a shorter time is provided in the law authorizing the proceeding to review (Real Property Tax Law, § 702; CPLR 217).
A letter to the board, in either case, requesting the board’s reconsideration, does not, from the language of the cited statutes, enlarge the 30 days in which to start this article 78 proceeding. This petition must be and is dismissed.