David L. Glickman, J.
Four separate proceedings have been instituted by the petitioner to review the assessed valuation of various properties of the petitioner situated in the Town of Islip. The respondent assessor moves to dismiss each of the proceedings because of petitioner’s failure to mail copies of the petition and notice in each case to the clerk of the school district within which the assessment to be reviewed is located, as required by subdivision 2 of section 708 of the Real Property Tax Law. Petitioner concedes that copies of the petition and notice were not mailed. He contends, however, that his failure to comply with the provisions of subdivision 2 of section 708 in this respect is not a jurisdictional defect, but merely an irregularity in procedure which may be corrected or disregarded. There seems to be no question concerning timely service on the Town Clerk.
The pertinent portion of subdivision 2 of section 708 of the Real Property Tax Law reads as follows: “ 2. * * * one copy of the petition and notice shall be mailed within ten days from the date of service thereof as above provided to the clerk of any school district within which * * * assessment to be reviewed is located, or if there be no clerk or his name and address cannot be obtained, then to a trustee. The school district shall not thereby be deemed to have been made a party to the proceeding ’ ’.
Clearly, the provisions of law relating to a review of assessments are remedial in nature and require liberal construction so that the taxpayer’s right to have his assessment reviewed is not defeated by technicalities. (People ex rel. New York City Omnibus Corp. v. Miller, 282 N. Y. 5.) If the language or intent of the statute is open to doubt, it should be strictly construed against the taxing power and, if legally permissible, resolved in favor of the taxpayer. (People ex rel. Bingham Operating Corp. v. Eyrich, 265 App. Div. 562; People ex rel. City of New York v. Hoar, 191 Misc. 292.)
Applying these principles to the statute under consideration, it is evident that the legislative intent was to give reasonable notice to the school district of a pending proceeding by which *89 the district might be affected. The statute provides that the school district shall not, by reason of such notice, be deemed a party to the proceeding. Obviously, on application, the district would be permitted to intervene, if it so desired. It is noted that in each of these proceedings the clerk of the affected school district became aAvare of the proceeding sometime prior to the service of the motions to dismiss, since his affidavit is submitted by respondent in support of each motion. It is also noted that the statute employs the language “ ten days from the date of service thereof as above provided ’ ’ which is indicative of the legislative acceptance of the fact that service, as such, is completed. In these circumstances, the court concludes that the failure to mail the petition and notice is an irregularity which does not affect the jurisdiction obtained by due service in accordance with requirements of subdivision 1 of section 708 of the Beal Property Tax Law.
This conclusion is supported by the provisions of subdivision 3 of section 702, subdivision 1 of section 704 and subdivision 1 of section 740 of the same law. Under the first statute mentioned, dismissal of the petition is mandated if service is not made as required in section 704, or if service and filing is not made as required in section 740. No provision is made for dismissal if mailing is not effected as required in section 708. The omission is significantly reflective of the legislative intent not to void jurisdiction by the mere lack of mailing. Under the liberal construction to be given to this remedial legislation, as aforesaid, it becomes apparent that the failure to mail may be disregarded as an irregularity where, as here, the district in fact has received notice through other means.
The motions to dismiss the petitions in the four proceedings are denied.