Howard A. Zeller, J.
Fourteen petitioners seek to review tax assessments made by the Board of Assessors of the Town of Nelson, Madison County, New York. Respondent moves to dismiss the petitions upon the grounds that notices and copies of the petitions were not timely served upon the clerk of the school district as required by section 708 of the Real Property Tax Law — allegedly a jurisdictional defect. As the petitions and answers differ only as to names, properties and amounts involved, they shall be deemed consolidated for present purposes.
Subdivision 2 of section 708 states that “ one copy of the petition and notice shall be mailed within ten days from the date of service thereof .as above provided [in subd. 1, personally on the clerk of the assessing unit] to the clerk of any school district within which any part of the real property on which the assessment to be reviewed is located * * *. The school district shall not thereby be deemed to have been made a party to the proceeding.” A substantially similar provision existed in the predecessor section 291 of the Tax Law. The reason for this provision is made apparent by subdivision 5 of section 1316 of the Real Property Tax Law providing that any final order on judicial review of an assessment shall be binding on any such school district) which thereupon shall refund any excess tax paid by the petitioner or taxpayer upon application made within three years from the entry of any final order establishing the same. The right of a taxpayer to be refunded any illegally assessed school taxes accrues at the time of payment. (Erie R. R. Co. v. City of Rochester, 256 App. Div. 551, mot. for rearg. den. 257 App. Div. 1043, affd. 282 N. Y. 601.)
The purpose of subdivision 2 of section 708 of the Real Property Tax Law is to give notice to such a district that a review of an assessment made is being sought and that in due course an application for partial refund may be made. In the opinion of this court, failure to give notice to the school district within the strict statutory time limit does not affect the court’s jurisdiction over the respondent or of the subject matter in these proceedings.
Respondent’s motion to dismiss the petitions herein should be denied.