Clare J. Hoyt, J.
This is a proceeding brought pursuant to article 7 of the Beal Property Tax Law for a judicial review of the assessment of petitioners’ real property. It was commenced by service of a notice on petition on the respondent town’s representative. The following day the Clerk of the Hyde Park Central School District received a copy of the notice and petition by mail. A week later, a copy of a notice and amended petition were served on the Clerk.
The respondent town is located within the corporate limits of the school district and, by virtue of subdivision 2 of section 708 of the Beal Property Tax Law, petitioners were required to serve the school district with a copy of the notice and petition. However, that section provides: ‘ ‘ The school district shall not thereby be deemed to have been made a party to the proceeding.” The reasons for requiring notice to the school district are that the district “ should have the opportunity of seeking to sustain the assessments as made or that the [district] at least should have forewarning of an impending change in valuations affecting its tax base ” (Long Is. R. R. Co. v. City School Dist., 13 A D 2d 782, 783). The determination made in this proceeding will bind the school district and if a reduction is ordered, the district is liable to the petitioner for a refund of any excess tax paid (Real Property Tax Law, § 1316, subd. 5). The Hyde Park Central School District is not content to have its interest in sustaining the assessment represented solely by the town counsel. Bather it proposes to be represented by attorneys separately retained and for this purpose it moves for leave to intervene. Petitioners oppose the motion.
Liberal construction and application of the intervention sections are called for (Mann v. Companía Petrolera Trans-Cuba, 17 A D 2d 193, 197) and distinctions between intervention as of right (CPLR 1012, subd. [a]) and by permission (CPLR 1013) are not important (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1012.05). Where the intervener has a real and substantial interest in the outcome of the proceeding, intervention should be allowed (Matter of Petroleum Research Fund, 3 A D 2d 1). The school district’s direct financial stake in this proceeding is apparent and the Legislature has sought to protect that interest by requiring notice of the institution of such a proceeding. The statutory scheme is flexible in that it does not provide for automatic joinder of the school district as a respondent, but, instead, it permits the district to determine in each instance whether its interest will best be served by intervention or not. Nothing in the statute indicates that the school district’s right to seek intervention is more limited than in any other case. Indeed the *905 contrary has been suggested (Matter of Rapone v. Shokey, 43 Misc 2d 87, 89). Here a proper basis for intervention has been established. The motion is granted and the intervenor shall serve its answer in the form annexed to its motion papers. As soon as service is made, any party may apply for an order of reference on notice to the other parties.