Gibson, J.
We are called upon, in this case of first impression, to determine the rights of appellant MVAIC in respect of a judgment, rendered in a proceeding to which it was not a *386 party, which determined that plaintiff’s intestate was not an insured person within the coverage of the uninsured motorist provision of an automobile liability policy issued to his brother. Upon application subsequently made, the Special Term, in reliance upon that determination, found plaintiff to be a "Qualified person” within the protection of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, § 601, subd. b; § 618). Appellant contends, in essence, that it is not bound by the determination in the prior proceeding, since it was not notified thereof or given an opportunity to intervene or otherwise participate in it; and that Special Term erred in granting plaintiff permission to sue MVAIC without according it a hearing upon the application. Finally, appellant asserts that plaintiff’s prosecution of her claim against the insurance carrier constituted an election of remedies barring subsequent action against MVAIC. We have concluded, however that the Special Term order was correctly made.
The decedent, a pedestrian, was struck and killed by a hit-and-run car. The present plaintiff administratrix made claim against State-Wide Insurance Company under the uninsured motorist provision of that company’s automobile liability policy issued to decedent’s brother (Insurance Law, § 167, subd. 2-a), asserting that decedent was a resident of the same household as the brother and hence, according to the terms of the policy, an “ insured ” thereunder. This issue was, however, resolved against her, following a jury trial. Plaintiff thereupon applied at Special Term for an order permitting her to bring action against MVAIC (Insurance Law, § 618, subd. [a]); and MVAIC resisted the application, on the ground previously and unsuccessfully urged by the administratrix—that decedent was an “ insured ” under the State-Wide policy and thus not a "qualified person ” (Insurance Law, § 601, subd. b) having a cause of action against MVAIC (Insurance Law, § 608, subd. [b]). On this ground MVAIC demanded that the application for leave to sue be denied or, in the alternative, that a hearing be had, upon which evidence would be adduced concerning whether the decedent is a qualified person or an insured ’ ’. Special Term, however, invoking its summary jurisdiction under section 618, found "summarily that the plaintiff is a "qualified person" within the definition of § 601(b) of the Insurance Law and that *387 all conditions precedent set forth in §618 of the Insurance Law have been established ”; and thereupon granted plaintiff’s application for permission to bring an action. The Appellate Division affirmed, holding: "The only issue raised on 'the application by the appellant was that the decedent was an insured under the policy of insurance issued by State-Wide and, it clearly appearing from the moving papers on the application that this question had been determined in a prior fully contested proceeding, and was without collusion or default, the court could properly decide the issue to its satisfaction upon the affidavits alone without directing a hearing of the issue. It is only when an issue cannot be decided to the satisfaction of the court upon affidavits that a hearing need be ordered. (Matter of Malitz v. MVAIC, 17 A D 2d 108; Matter of Woodard v. MVAIC, 23 A D 2d 215.) ” (Matter of Wallace v. MVAIC, 31 A D 2d 588, 589.)
In this court, appellant argues, reasonably enough, that it should not, in fairness, be bound by a determination in a proceeding in which it had no opportunity to be heard. Respondent’s position can be stated with equal cogency—that the finding of no coverage is res judicata as to her and that since she has fully complied with all the procedural requirements of the statute, her uninsured status thereby established should not be relitigated at the risk of her being met with a denial of coverage under either alternative, the policy or the act. Appellant recognizes that the act (Insurance Law, art. 17-A) makes no provision for notice and an opportunity to join in litigation to test insurance coverage but argues that it should be considered a proper party for intervention as of right under CPLR 1012. This, however, presupposes either that there is some means provided whereby MVAIC would be formally notified of the litigation or that it could in some manner be informed of it, so as to move for intervention. Yet, no such means are anywhere provided in a statutory scheme which clearly undertakes to regulate every facet of MVAIC liability, both as to procedural and substantive aspects.
MVAIC is a creature of statute. It has no independent existence. Whatever rights and powers it possesses are given by statute (see §§ 602, 606). If the Legislature had intended that it have a right to notice of litigation which might affect its ultimate liability, and the right to intervene in that litigation, *388 it would have so provided. The indemnification corporation is an integral part of the machinery set up to “ close the gaps ” in the motor vehicle financial security act (§ 600). If it is to function smoothly with the rest of the machinery it must not be allowed to assert ‘ ‘ rights ’ ’ not otherwise built into it.
Another part of this machinery is the uninsured motorist clause that must be included in all policies of. insurance (§ 167, subd. 2-a) and the process by which a claimant must first either recover under that provision as an insured person, or, having no such status, then resort to a suit against MVAIC. That the Legislature took into consideration the fact that the bona fides of a person attempting to claim against MVAIC might be in question is shown by section 618. A court must thereunder give permission to make such a claim after satisfying itself, inter alia, that the person is a qualified person, that is, a person other than an insured (§ 601, subd. b). The MVAIC safeguards are here provided. If there was a prior adjudication determining the claimant’s status and it was the product of collusion or, as appellant believes may sometimes be the case, a halfhearted assertion of the status of an insured, the opportunity exists for MVAIC to show that in truth the claimant is not a qualified person. For these purposes, and for any others, the record of the prior trial would be available to MVAIC, as it would be to claimant, for evidentiary purposes.
It does not appear that the doctrine of res judicata has any real relevance. Unless MVAIC can show the court some reason why plaintiff should not be considered a qualified person despite the prior litigation, then there is no reason why there should be another trial to determine that status. Neither Special Term nor the Appellate Division held that the prior adjudication was binding on defendant. Justice Staley, writing for the Appellate Division, took pains, in fact, to point out that from the papers submitted there was no indication other than that the prior adjudication was the result of fully contested litigation and devoid of taint of collusion or default. Had defendant, in fact, been able to point to lack of energetic prosecution or to collusion, demonstrating a reasonable basis for those allegations, a new hearing would have been warranted. The point is, that insofar as the Legislature has provided any protection to defendant at' all in these matters, it is to be found under the requirements of *389 section 618. Defendant has the same opportunity here to challenge a claimant’s status as it does other requirements under section 618, such as that calling for a claimant to show that the accident was timely reported to the police (see Matter of Malitz v. MVAIC, 17 A D 2d 108, and Matter of Woodard v. MVAIC, 23 A D 2d 215).
We find no basis for appellant’s contention that plaintiff’s prosecution of her claim against State-Wide constituted an election of remedies which bars her present claim against MVAIC. If there is any possibility that a claimant might be an insured under an existing policy, the fact must be established before the section 618 machinery may be employed. If defendant’s argument were correct it would mean, in effect, that, in complete perversion of the purpose and intent of the act, a claimant could never make a claim under section 618 where he has first tested his rights as an insured, a procedure which is virtually mandated in article 17-A with respect to such claimants.
The order should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order affirmed.