■ In the Matter of TELEPROMPTER MANHATTAN CATV CORPORATION v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and CITY OF NEW YORK, Appellant.— GREENBLOTT, J. Appeal from an order of the Supreme Court at Special Term, entered in Albany County on October 1, 1969, which denied appellant's motion to intervene. Teleprompter operates a community antenna television system in New York City and is carried on the assessment rolls thereof, having been assessed $399,213 for special franchises, in the year 1968, by the board. Alleging that these assessments were erroneous and unlawful, Teleprompter petitioner for review of the board's determination. The city thereupon moved, pursuant to CPLR 1012 and 1013, to intervene in the proceeding. Special Term denied the motion holding that CPLR 1012 is inapplicable to this situation, that sections 700-704 and 740 of the Real Property Tax Law bars such intervention, and that permitting intervention in this proceeding would result in harassment of the board. We do not agree. Intervention should be liberally allowed. (*Matter of Eberlin* v. *Herman,* 18 A D 2d 1068.) Intervention is permitted as of right (CPLR 1012) when a person's interest in property may be adversely affected by the judgment. A reduction in the assessment will adversely affect the city since the final order on review will be binding on the city. (Real Property Tax Law, § 740, subd. 3.) The city, like any other municipal corporation, has an interest in sustaining the assessments and should be given an opportunity to do so. It should also be

noted that the city is intervening on the same side as the board, which does not object to the intervention. Another ground for intervention is the presence of common questions of law or fact (CPLR 1013). Here there are identical questions of law and fact. In reality, the city rather than the board, is the real party in interest. Special Term's denial of the motion appeared to be based on the erroneous premise that intervention was forbidden by article 7 of the Real Property Tax Law. This article contains no language about intervention, but provides for the judicial review of tax assessments in general and special franchise assessments in particular. Order reversed, on the law and the facts, and motion granted, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J. [60 Misc 2d 518.]