D. Vincent Cerrito, J.
This motion was brought on by order to show cause, wherein the Central School District No. 1 of the Towns of Colonie and Guilderland, Albany County, and the Town of Niskayuna, Schenectady County, commonly known as the South Colonie Central School District No. 1, and herein referred to as “ School District ”, seeks an order to intervene as a party in this action and to set aside a certain stipulation entered into by and between the petitioner, Stanford Associates, and respondent, Board of Assessors of the Town of Niskayuna, New York, on the 18th day of August, 1971, and the order entered thereon.
The stipulation compromised and settled the controversy existing between the petitioner and the respondent; adjusted and determined the assessments on the petitioner’s real property; and discontinued petitioner’s action against the respondent. Based upon the stipulation, the court signed an order containing the terms and conditions of the stipulation and decreed that the action was discontinued.
The School District alleges, and it is undisputed, that it received the petition and notice of the main action herein, but was given no notice of the subsequent compromise and settlement negotiations carried on by the petitioner and respondent, until after the compromise and settlement was effectuated and reduced to a written stipulation, signed by the petitioner and the respondent.
The School District’s grounds for intervention and setting aside the stipulation and the order entered thereon are based on a claim of a deprivation and prejudice of substantial rights of the Board of Education and the taxpayers of the School District, as well as a deprivation of its opportunity to sustain the original assessment levied against the subject property by its own counsel.
The difficulty inherent in this type of proceeding arises from a duality of responsibility between two governmental agencies with fiscal years not corresponding and differing budgetary problems. Under such circumstances, this type of conflict will inevitably recur. There should be legislative implementation which would give School Districts notice of all stages of tax review proceedings.
Had this court been apprised of the School District’s position, the order would not have been signed. Having become aware of the lack of representation by the School District in the settlement negotiations, I shall not deny its right to be heard. Accordingly, the prior order of this court is hereby set aside and vacated.
Submit order accordingly, without costs.