■     In the Matter of STANFORD ASSOCIATES, Appellant, v. BOARD OF ASSESSORS OF THE TOWN OF NISKAYUNA, Appellant, and CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF COLONIE AND GUILDERLAND, ALBANY COUNTY, and the TOWN OF NISKAYUNA, SCHENECTADY COUNTY, Intervenor-Respondent. — Appeals from an order of the Supreme Court at Special Term, entered October 26, 1971 in Schenectady County, which (1) vacated an order of said court, dated August 18, 1971, which compromised and settled on written stipulation real property tax assessment on petitioner's property under review pursuant to article 7 of the Real Property Tax Law, and (2) permitted Central School District No. 1 of the Towns of Colonie and Guilderland, Albany County, and the Town of Niskayuna, Schenectady County, to intervene and serve its answer in the proceeding, and (3) amended the records of the Board of Assessors of the Town of Niskayuna to set forth the same valuation of petitioner's property as existed prior to August 18, 1971. Stanford Associates is the owner of a shopping center in the Town of Niskayuna, County of Schenectady. The assessed valuation of its property for the year 1971 was in the sum of $2,076,000 which was reduced, after protest on grievance day to $1,238,000. On July 29, 1971 Stanford Associates initiated a proceeding under article 7 of the Real Property Tax Law to review the said assessment, which proceeding was returnable at Special Term on September 7, 1971. The intervenor-respondent is a central school district which includes portions of the Towns of Colonie and Guilderland, Albany County, and the Town of Niskayuna, Schenectady County, within which is located the property owned by Stanford Associates. It is conceded that the intervenor-respondent received proper notice of the proceeding pursuant to section 708 of the Real Property Tax Law, which notice was presented to the school district board at a regular meeting held on August 17, 1971. The school board thereupon wrote a letter dated August 18, 1971 to the Board of Assessors requesting that "the Town of Niskayuna will fight this reduction with every source at your command". On August 18, 1971 the proceeding was settled and compromised on written stipulation and an order entered which resulted in a reduction in Stanford Associates' assessment of the sum of $563,125. On August 25, 1971 the school district moved by order to show cause to intervene as a party in the proceeding and to set aside the stipulation and order of compromise and settlement. Special Term granted the motion by order dated October 15, 1971. Appellants contend that the school district was not entitled to intervene and that the order based upon the stipulation is binding on the school district. Pursuant to CPLR 1012 (subd. [a]), a person shall, upon timely motion, be permitted to intervene when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment. Here, the motion was made promptly after knowledge of the order of compromise and settlement, and prior to the return day of the proceeding to review the assessment. In *Matter of Teleprompter Manhattan Catv Corp.* v. *State Bd. of Equalization & Assessment* (34 A D 2d 1033–1034)

the denial of a motion to intervene was reversed, this court stating: " Special Term denied the motion holding that CPLR 1012 is inapplicable to this situation, that sections 700–704 and 740 of the Real Property Tax Law bar such intervention, and that permitting intervention in this proceeding would result in harassment of the board. We do not agree. Intervention should be liberally allowed. (*Matter of Eberlin* v. *Herman,* 18 A D 2d 1068.) Intervention is permitted as of right (CPLR 1012) when a person's interest in property may be adversely affected by the judgment. * * * Special Term's denial of the motion appeared to be based on the erroneous premise that intervention was forbidden by article 7 of the Real Property Tax Law. This article contains no language about intervention, but provides for the judicial review of tax assessments in general and special franchise assessments in particular." The school district was properly granted permission to intervene. (*Matter of Raymond* v. *Honeywell,* 58 Misc 2d 903.) In addition, under the circumstances here, the order based upon the stipulation should not be binding especially since Special Term stated in its decision granting intervention that "Had this Court been apprised of the School District's position, the order would not have been signed ". The school district is entitled to be heard on the issue of the valuation for assessment purposes of the property involved. Order affirmed, with costs. Staley, Jr., J. P., Cooke, Simons, Kane and Reynolds, JJ., concur.