Jacob Ark, J.
This is a motion by the petitioner brought on by order to show cause for an order recognizing as valid and effective, nunc pro tunc, the mailing of assessment petitions to the clerk of the Webster Central School District to review an assessment of real property for the year 1972-73 under article 7 of the Real Property Tax Law.
*481 The petitioner commenced this proceeding on September 6, 1972 by'Service of the statutorily prescribed papers on the appropriate town officials as provided by subdivision 1 of section 708 of the Real Property Tax Law but failed to mail a copy of the petition and notice within 10 days from the date of such •service to the clerk of the school district in which the real property is located, as provided in subdivision 2 of section 708 (now subd. 3 by L. 1973, ch, 31). The petitioner, however, in forwarding payment of the 1972-73 Webster Central School District real estate taxes to the Receiver of Taxes did so under protest and stated that it commenced legal action to review the assessment.
The petition and notice for the year in issue was mailed on September 7, 1973 to the clerk of the school district, together with petitions and notices for a similar proceeding which was commenced for the 1973-74 tax year in which the school district has not intervened. All the proceedings were consolidated for trial before the same referee by an order dated October 23, 1973.
Subdivision 3 of section 708 (formerly subd. 2) provided that the mailing of a copy of the petition and notice to the clerk of a school district shall not thereby be deemed to have made it a party to the proceeding. In Matter of Magee v. Board of Assessors of Town of Nelson (49 Misc 2d 499, 500, affd. 24 A D 2d 1045) the court in denying motions of the town board of assessors to dismiss a petition in article 7 proceedings on the ground that they were not timely served on the clerk of the school district said: “ The purpose of subdivision 2 of section 708 of the Real Property Tax, Law is to give notice to such a district that a review of an assessment made is being sought and that in due course an application for partial refund may be made. In the opinion of this court, failure to give notice to the school district within the strict statutory time limit does not affect the court’s jurisdiction over the respondent or-of the subject matter in these proceedings.”
In Matter of North Crystal Gardens v. Bell (44 Misc 2d 449), the Commissioner of Taxation of the City of Corning moved to dismiss an article 7 proceeding on the ground that the petitioner failed to mail a copy of the petition and notice to the clerk of the school district within 10 days from the date of its service on him. The court held that the school district does not become a party to the proceeding by service of the notice and petition and permitted a late mailing to the clerk of the school district.
*482 Raymond v. Honeywell (58 Misc 2d 903) involved a motion by the school district to intervene in an article 7 proceeding. In commenting on subdivision 2 of section 708 the court said that the school district had a real and substantial interest in the outcome of. the proceeding. In granting the motion the ’court held that although the statute does not provide for its automatic joinder, the notice provision of subdivision 2 of section 708 permits it to determine “ in each instance whether its interest will best be served by intervention or not” (p. 904).
In Rapone v. Shokey (43 Misc 2d 87,. 89) the court stated that the failure to mail copies of the petition and notice to the clerk of the school district was not a jurisdictional defect but merely an irregularity, and concluded “ that the failure to mail the petition and notice is' an irregularity which does not affect the jurisdiction obtained by due service in accordance with requirements of subdivision 1 of section 708 of the Real Property Tax Law.”
‘ ‘ This conclusion is supported by the provisions of subdivision 3 of section 702, subdivision 1 of section 704 and subdivision 1 of section 740 of the same law. Under the first statute mentioned, dismissal of the petition is mandated if service is not made as required in section 704, or if service and filing is riot made' as required in section 740. -No provision is made for dismissal if mailing is not effected as required in section 708. The omission is significantly reflective of the legislative intent not to void jurisdiction by the mere lack of mailing. Under the liberal construction to be given to this remedial legislation, as aforesaid, it becomes apparent that the failure to mail may be disregarded as an irregularity where, as here, the district in fact has received notice through other means.”
The notice by mailing under section 708 alerts a school’ district that a proceeding has been commenced that may affect it by virtue of subdivision 5 of section 1316 of the Real Property Tax Law. It recognizes the interest of a school board in the outcome of an article 7 proceeding to which it is not a party by -statute, yet, -must suffer the consequences of an unfavorable result. Therefore, the authorities hold that a school district has the right to intervene in a proceeding of this nature and as stated in Raymond v. Honeywell (58 Misc 2d 903, 904, supra) to determine 1 in each instance whether its interest will best be served by intervention or not ”.
. Stanford Assoc. v. Board of Assessors of Town of Niskayuna (39 A D 2d 800) cited by the school district, involved a com *483 promise of an article 7 proceeding resulting in a reduction of assessment. In permitting the school district to intervene the court held that it was entitled to be heard on the issue of the valuation for assessment purposes of the property involved. This authority is not inconsistent with the relief the petitioner seeks in the instant case as there is no claim that the Webster Central School District should not be permitted to intervene in the proceeding to review the assessment.
Chinese Center of Long Island v. Wilmerding (41 Misc 2d 1012) also cited by the school district, is inapposite, as in that case the court dismissed a petition against the village board as the proceeding to review under section 702 of the Beal Property Tax Law was not commenced within 30 days as provided by statute.
While Magee, North Crystal Gardens and Bapone were cases where town officials sought to rely upon the failure to mail copies of petitions and notices to the clerks of school districts in proceedings against them, the holding in each of these cases is germane to the issue now before the court. No authority has been called to the attention of the court that denied permission for a late mailing to the clerk of a school district.
In People ex rel. New York City Omnibus Corp. v. Miller (282 N. Y. 5, 9) the court wrote: “ The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality.”
The posture of these proceedings is such that no substantial right of the school district will he prejudiced by permitting mailing to the Clerk of the Webster Central School District at this time. Nothing has occurred in these proceedings since the order of reference was made on October 23, 1973. This is a proper case for the application of CPLB 2001. Although the petition and order for the year 1972-73 were mailed to the clerk of the district on September 7, 1973 and not returned, and no affidavit has been submitted in opposition to the moving papers, rather than rely upon the earlier mailing, the petitioner may have an order /permitting the mailing of the 1972-73 petition and notice to the Clerk of the Webster Central School District within 10 days from the entry of the order to be made herein, and such ¡mailing shall be deemed compliance with the statute.