■ PLANTECH HOUSING INC., Respondent, v KEVIN CONLAN, as Assessor of the Town of Chester, et al., Respondents, and WARWICK VALLEY CENTRAL SCHOOL DISTRICT, Appellant. (And Another Action.)—In two proceedings pursuant to article 7 of the Real Property Tax Law, in which judgments were entered reducing the assessment of certain property owned by petitioner, the Warwick Valley Central School District appeals (by permission) from an order of the Supreme Court, dated June 11, 1979 and entered in Orange County, which denied its motion (1) for leave to intervene in each of the proceedings and (2) to vacate the afore-mentioned judgments. Order reversed, on the law and in the exercise of discretion, with $50 costs and disbursements payable by petitioner, judgments dated February 5, 1979 and March 1, 1979 vacated, and the matter is remitted to Special Term for further proceedings not inconsistent herewith. For several years, petitioner's property had been designated on the tax rolls of the Town of Chester as being in the appellant's school district, although in fact, said property was actually located in the Monroe-Woodbury Central School District. Due to this erroneous designation, taxes were paid to, and utilized by, the appellant as part of its regular operational budget. Upon commencement of the underlying tax certiorari proceedings, it was realized that petitioner's property was actually in the Monroe-Woodbury district; accordingly, notice of said proceedings was conveyed to Monroe-Woodbury pursuant to subdivision 3 of section 708 of the Real Property Tax Law. No such notice was sent to the appellant. Appellant was not made aware of the certiorari proceedings until after settlements were reached between the petitioner and the local tax assessing authorities, stipulations were entered into and judgments entered thereon. Said judgments called for a substantial tax refund to be accorded the petitioner. At this point, petitioner made demand of the appellant, as the appellant was the district to which the taxes were paid. It is beyond question that in the ordinary case, the school district within which the subject property lies is entitled to notice of article 7 proceedings and may intervene in such proceedings where it is in its interest to do so. (See *Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna,* 67 Misc 2d 477, affd 39 AD2d 800; *Matter of Raymond v Honeywell,* 58 Misc 2d 903; *Matter of Rapone v Shokey,* 43 Misc 2d 87.) This case differs from the ordinary case, however, in that the school district seeking to intervene is not the district within which the petitioner's property lies. Nevertheless, under liberal principles of intervention under the CPLR, it was an abuse of discretion to deny intervention in the present case. CPLR 1012 (subd [a], par 2) provides for intervention by a third party as of right when the represen-

tation of that person's interest by the parties is inadequate and that person is or may be bound by the judgment. CPLR 1013 provides that, within the court's discretion, any person may be permitted to intervene when his claim or defense has a common question of law or fact. As a practical matter, however, under liberal rules of construction the distinctions between the two forms of intervention are not important (2 Weinstein-Korn-Miller, NY Civ Prac, par 1012.05). Thus, it has been said that where the intervenor has a real and substantial interest in the outcome of the proceeding, intervention should be allowed. (*Matter of Raymond v Honeywell, supra; Matter of Petroleum Research Fund,* 3 AD2d 1.) Although petitioner's property does not lie within the appellant's jurisdiction, it is clear that appellant is affected by the judgments in the tax certiorari proceedings in a real and substantial way, to wit, a demand has been made upon it for a refund of taxes. Moreover, although we take no position on the issue at this time, it is foreseeable that further demand may, at some time in the future, be made of the appellant to pay over to the Monroe-Woodbury district the whole of the taxes paid by petitioner. Under these circumstances, appellant should not have been foreclosed from presenting its point of view on the record before final judgments were entered requiring it to refund to the petitioner any excess taxes. The interests of justice require no less. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.