■ In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent, v BOARD OF ASSESSORS FOR THE TOWN OF BROOKHAVEN et al., Respondents, and SHOREHAM-WADING RIVER SCHOOL DISTRICT, Appellant. (And Two Other Proceedings.) — In consolidated proceedings pursuant to article 7 of the Real Property Tax Law to review the assessment of petitioner's real property, the intervenor Shoreham-Wading River School District appeals from an order of the Supreme Court, Suffolk County (Cromarty, J.), dated January 5, 1982, which granted the petitioner's motion to remove the intervenor school district as a party. The appeal brings up for review so much of an order of the same court, dated June 14, 1982, as, upon granting reargument, adhered to the original determination. Appeal from order dated January 5, 1982 dismissed as academic, without costs or disbursements. Said order was superseded by the order dated June 14, 1982, which was entered upon reargument. Order dated June 14, 1982 reversed insofar as reviewed, without costs or disbursements, order dated January 5, 1982 vacated, and petitioner's motion denied. Petitioner instituted these tax review proceedings challenging the real property tax assessments levied by the Town of Brookhaven upon it for the tax years 1976/1977, 1977/1978 and 1978/1979. The Shoreham-Wading River School District then moved for leave to intervene in these proceedings and, after their motions went unopposed, Special Term granted the motions by decisions rendered in 1977, 1978 and 1979. At the time the school district's motions to intervene were made and decided, a school district was liable, by law, for payment of any refund of the school portion of the property tax that would be owed to petitioner as a result of tax certiorari proceedings instituted pursuant to article 7 of the Real Property Tax Law (see Real Property Tax Law, § 726, subd 1, par [c] and its predecessor, Real Property Tax Law, former § 1316, subd 5). Accordingly, Special Term did not abuse its discretion when it originally granted the school district's motions for leave to intervene in these proceedings (see *Plantech Housing v Conlan,* 74

AD2d 920; *Matter of Xerox Corp. v Sanger,* 79 Misc 2d 480; *Matter of Stanford Assoc. v Board of Assessors of Town of Niskayuna,* 67 Misc 2d 477, affd 39 AD2d 800; *Matter of Raymond v Honeywell,* 58 Misc 2d 903; *Matter of Magee v Board of Assessors of Town of Nelson,* 49 Misc 2d 499, affd *sub nom. Matter of Fieser v Board of Assessors of Town of Nelson,* 24 AD2d 1045). However, by virtue of the Legislature's amendment of the so-called Suffolk County Tax Act (L 1980, ch 837, eff Sept. 1, 1980, amdg L 1920, ch 311, § 3, as amd by L 1958, ch 95), school districts in Suffolk County were relieved of liability for these refunds. Accordingly, following passage of the amendment, Special Term granted petitioner's motion to remove the school district as a party, stating: "In the Court's view the intent of the Act was to insulate school districts in Suffolk County from liability to refund taxes in pending as well as prospective proceedings. The reason for allowing intervention having been eliminated, there is no reason for its continuance." In *Vantage Petroleum v Board of Assessment Review of Town of Babylon* (91 AD2d 1037), a Suffolk County school district appealed to this court from an order of the Supreme Court, Suffolk County, dated February 4, 1981 (i.e., subsequent to the effective date of the Legislature's amendment of the Suffolk County Tax Act) which denied its motion for leave to intervene in a proceeding pursuant to article 7 of the Real Property Tax Law. In *Vantage Petroleum (supra),* this court held, *inter alia,* that Special Term correctly denied the school district's motion for leave to intervene in view of the Legislature's amendment of the Suffolk County Tax Act which relieved school districts in Suffolk County of liability for refunds in tax certiorari proceedings pursuant to article 7 of the Real Property Tax Law. However, in the case at bar, the school district was initially allowed to intervene in these proceedings by virtue of decisions of Special Term which were rendered approximately four to six years ago, and which were proper under the then applicable statute and case law. During this period of time, the intervenor expended much effort and expense in the preparation of a defense to these proceedings. Under these particular circumstances, it would be inequitable at this juncture to remove the intervenor school district as a party to these proceedings (cf. *Vantage Petroleum v Board of Assessment Review of Town of Babylon, supra*). Accordingly, petitioner's motion to remove the intervenor school district as a party is denied. Mollen, P. J., Mangano, Thompson and Bracken, JJ., concur.