193 So. 312

**GREEN et al. v. STATE ex rel. BRADFORD et al.**

**8 Div. 21.**

Supreme Court of Alabama.

Jan. 18, 1940.

Stockton Cooke, Jr., of Sheffield, for appellants.

KNIGHT, Justice.

Petition for mandamus to require the mayor and aldermen of the Town of Muscle Shoals, Alabama, to canvass the returns, and declare and certify the result of an election held in said town on September 22, 1939, to determine whether or not said municipality shall become organized under a commission form of government, as provided by Section 2335 et seq. of the Code, and Amendatory Act of the Legislature of 1931, General Acts, 1931, p. 151.

The petition is filed by the State on relation of Charley Bradford and others, and by the said Charley Bradford and such others, against the mayor and aldermen of said municipality.

The petition shows that the individual relators are bona fide residents and electors of the Town of Muscle Shoals. It also appears that said Town of Muscle Shoals is a municipal corporation with a population of more than a thousand, and less than forty thousand, inhabitants, and is a municipality in "Class D."

It further appears from the petition for mandamus that a petition, with the requisite number of electors of said municipality, had been duly presented to the Judge of Probate of Colbert County, Alabama, asking that the proposition of organizing the said municipality under a commission form of government, as provided by law, be submitted to the qualified voters of said town; that the said Judge of Probate had duly examined the petition and had determined that it was signed by the requisite number of qualified electors of said town to authorize such election in said town for the purpose of adopting a commission form of government, as provided by law.

Wm. L. Chenault, of Russellville, for appellees.

It is further averred that the said Judge of Probate had duly certified such fact to the Honorable W. H. Green, Mayor of said municipality; and that thereafter the said Green, as such Mayor, had complied with the law, and had called a special election "for the voting on whether or not said municipality shall change its form of government and become organized under a commission form of government. Said special election being called by said mayor to be held on September 22nd, 1939."

It is further averred that, at said election, no election officers who were appointed by said municipality appeared to hold said election "and these petitioners, as inspectors, clerks and returning officers held said election as provided for by law and immediately after the polls were closed at said election, proceeded to count the ballots and certified the results of said election to the council of said municipality, the ballots cast at said election together with the poll list and the certificate of the result of said election was enclosed in said ballot box; the same was sealed and delivered to Roland Vaughn, one of these petitioners, who was the returning officer at said election, said ballot box was by him delivered to R. A. Beaver, the clerk of the said municipality of Muscles Shoals, Alabama;" that at said election 81 votes were cast in favor of the change to commission form of government and no votes were cast against the same.

The petition further avers that the respondents, the Mayor and Aldermen of said town, had failed and refused for more than three days to meet, canvass the returns and declare the result of said election, and that they, as such officials, "will fail and refuse to transmit to the governor, to the secretary of state and to the Judge of Probate of Colbert County, Alabama, to each a certificate that the proposition of organizing under a commission form of government was adopted by said municipality at said election."

To the petition the respondents, Mayor and Aldermen (except Alderman Goodwin who did not join in the demurrer, but who by his answer expressed his willingness to canvass the returns of said election and to declare and certify the results) demurred, assigning a number of grounds. The first, second and fourth grounds of demurrer are general, and do not point out any particular defects in the petition.

The third ground of demurrer is not here argued by appellants, for the reason, we assume, there is no merit in the same.

The remaining grounds of demurrer take the point, in one form or other, that the petition fails to allege that the respondents — Mayor and Aldermen — complied with certain features of the law, Sections 1880 and 1881 of the Code, relating to municipal elections. That is to say, that the petition failed to allege that the respondents, as such officials, appointed inspectors, clerks and a returning officer for each polling place; that it failed to allege that the respondents designated one or more polling places; that it failed to allege that the Mayor and Clerk of said Town provided for the opening of the polls; that it failed to allege that the Mayor and Clerk gave at least ten days' notice by publication in a newspaper published in said Town, or by posting in three public places in the municipality, the names of the officers at each polling place and the location of each polling place, or that the inspectors were furnished with a copy of the registered voters of the ward or town, or that the ballot box used in said election was "furnished the relators or any one of them," or that the ballots cast at the polling places, with the poll lists, together with the certificate of result, were enclosed in the box furnished the inspectors; and, finally, that the petition does not allege facts sufficient to show that the ballots used in said election were in the form prescribed by law.

None of the demurrers attack the petition for any failure to show that a proper petition was not filed with the Judge of Probate of Colbert County, signed by the requisite number of qualified electors of said town to invoke action by said Judge, or that the action of said Judge was not warranted by the petition and showing filed with him. Nor do any of the demurrers attack the legality or regularity of the proclamation of the Mayor, submitting the question of organizing the city under a commission form of government at a special election to be held at the time specified in said proclamation, viz., on September 22, 1939.

The only grounds of demurrer really insisted upon by appellants attack the validity of the petition for its supposed failure to aver that, after the election had been lawfully called, the municipal authorities,

in the matter of conducting the election, performed the duties enjoined upon them by law in such cases.

██ ██ The petition shows that the election in question was authorized by law and was ordered by those in authority, Sections 2335, 2336 and 2337 of the Code. The designation of the particular polling places, the preparation of the ballots and the appointment of the election officers, the furnishing of registration list, and canvassing of the returns of said election, were duties imposed by law—Code §§ 1880, 1881, 1882 and 1883—upon the respondents, the municipal officers, and, in the absence of any showing in the petition for mandamus that these officers failed to perform their duties with respect to the holding of said election, it will be presumed that they performed their duties. If as a matter of fact the said municipal officers willfully failed to perform the said duties, and the election was rendered irregular by reason of any such willful failure of duty on the part of the respondents, they will not be allowed or heard to urge such failure to defeat the election. One will not be allowed to bring about a condition by his own willful act, and, then, to further serve his purpose, be allowed to plead or take advantage of such condition. This is exactly what the respondents, by their demurrer to the petition, are attempting to do in this case. Wingo v. Hardy, 94 Ala. 184, 10 So. 659.

The court, as for any grounds of demurrer assigned to the petition, properly overruled the same.

After the court had overruled the demurrer of the respondents, they filed, separately and severally, an answer to the petition, averring that said election was not called within forty days "of the receipt of the certificate of the Probate Judge;" that no polling places were designated by the Town Council; that no election officers were appointed by the Town Council; that no provisions were made for the opening of the polls by the Mayor and City Clerk; that no ballots, or ballot boxes were furnished by the Mayor and City Clerk; that after the Mayor had issued his proclamation on receipt of the certificate of the Judge of Probate on August 21, 1939, calling the said special election for September 22, 1939, said Mayor did on or about September 16, 1939, publish a notice (a copy of which is attached to said answer), recalling the election theretofore called for September 22, 1939. Omitting the caption, this notice which undertook to recall said election was as follows:

"Due to the absence of a quorum at the meeting of the town council held at the town hall Tuesday evening September 12th, at 5 o'clock sharp, 1939, there were no election officials appointed, no polling places designated, and no person other than the town council having authority to appoint such officials and designate such polling places, there will be no election held in the town of Muscle Shoals, Ala., on Friday, September 22nd, 1939, in accordance with a notice heretofore published.

"Signed/s/W. H. Green, Mayor.
"W. H. Green
"Attest/s/R. A. Beaver, Clerk."

The petitioners—appellees here—demurred to paragraphs 1, 2 and 4 of the answer of the respondents. The point of the demurrer to each of said paragraphs was that the respondents could not take advantage of their own misconduct, or willful neglect of duty, in not complying with the provisions of the law requiring them to appoint election officers, to designate the polling places, to furnish registration list, ballots and ballot boxes, etc. The court sustained the petitioners' demurrers, and the respondents thereupon declined to plead further.

There was no error in sustaining the demurrer of petitioners to the several paragraphs (1, 2 and 4) of the answer of respondents.

As heretofore pointed out, the respondents, municipal authorities of the Town of Muscle Shoals, will not be permitted to plead their own misconduct, or willful failure to perform their ministerial duties to defeat an election called by lawful authority, in order to perpetuate themselves in office. To do so would place a premium upon official misconduct and dereliction of duty, and deprive the voters of the municipality of their right of local self government by the exercise of their election franchises. No matter what may be the rights of others, these officials cannot plead their own derelictions of duty.

██ After the respondents declined to plead further the court proceeded to hear the evidence, and rendered judgment, holding that said election was valid and

legal, and directed the respondents to meet and canvass the returns of the election and declare and certify the result to the proper authorities. There is no bill of exceptions, and we cannot, therefore, review and revise the finding and ruling of the court on the evidence.

It follows, therefore, that the judgment of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.