■    In the Matter of JOSEPH O'BUCK, Appellant, against CITY OF YONKERS et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act to compel the reinstatement of appellant to a competitive civil service position, the appeal is from an order granting respondents' motion to dismiss the petition on the ground that the proceeding is barred by the four-month period of limitation contained in section 1286 of the Civil Practice Act. Order reversed, with $10 costs and disbursements, and motion denied, with leave to respondents to answer within 20 days after the entry of the order hereon, and without prejudice to respondents' right to plead as a defense the facts referred to below. Appellant stated in his petition, *inter alia,* that he " has constantly requested reinstatement" to his position. Since this proceeding is, in effect, one to compel the performance of a duty specifically enjoined by law, the four-month period of limitation did not begin to run until respondents refused to comply with appellant's request for reinstatement (*Matter of Millicker* v. *Board of Educ.,* 275 App. Div. 849, affd. 300 N. Y. 634). However, nowhere

in this record does it appear specifically that respondents have refused to comply with said request. On such record, we cannot say that the proceeding was untimely brought, since there is no proof of a refusal more than four months before institution of the proceeding. If there was, in fact, such refusal, respondents may plead it in their answer. In view of this determination, we deem it advisable to note that, in our opinion, the 1955 amendment of subdivision 2 of section 22 of the Civil Service Law is applicable to this case, since appellant was not actually removed from his position until after the effective date of the amendment and after he had requested a hearing. Hence, if it be established that this proceeding is not barred by the Statute of Limitations, appellant would be entitled to a hearing, pursuant to the amended statute. However, if it be established that this proceeding is so barred, the question of appellant's right to such hearing would become academic. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.