Geobge M. Fanelli, J.
This is an article 78 proceeding in the nature of mandamus wherein petitioner, an attorney, seeks an order directing respondents, who are respectively the Comptroller and Mayor of the City of Mount Vernon, to audit and allow his claims for legal services rendered and disbursements incurred at the request of the Common Council of said city and to sign and deliver checks therefor.
Originally, respondents did not serve an answer to the petition as provided in section 1291 of the Civil Practice Act. Instead, they cross-moved for an order dismissing the petition as a matter of law upon various grounds. This motion was denied and respondents were directed to interpose the answer (see Matter of Guzzetta v. Carey, 8 Misc 2d 759). The answer containing general denials and defenses having been interposed, petitioner has renoticed the matter for hearing on the merits and now moves to strike out the answer and for relief along the lines of rule 113 of the Rules of Civil Practice.
It is well settled that in an article 78 proceeding, a final order may be granted summarily on the return day if the record discloses that no triable issue exists as to any material fact upon which the right to relief depends (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702, and cases cited therein).
In examining the record now before the court, it is noteworthy that respondents have not submitted with the answer any affidavits, made by a person having knowledge of the facts, or other written proof showing such evidentiary facts as shall entitle them to a trial of any issue of fact (Civ. Prac. Act, § 1291).
With respect to the merits of the present controversy, the court has already held that petitioner’s retention as counsel in both instances wherein he represented the Common Council and one of its members in connection with their challenge of the investigative and subpoena power of the Mayor, was not only authorized and reasonably warranted under the then existing *237 circumstances, but was also legal (Matter of Guzzetta v. Carey, supra). Moreover, the court held in said opinion that implicit in the power to retain such counsel was the power of the Common Council to make a contract with said counsel for the payment of his services rendered and to be rendered. The court also held that the respondents’ contention that the power to make such a contract with petitioner lay exclusively with the Mayor, or, in the alternative that petitioner’s claim, in any event, was one for quantum meruit which required a hearing by the Comptroller to test the accuracy and justness thereof, was without merit.
Insofar as the four-month Statute of Limitations is concerned (Civ. Prac. Act, § 1286), the court is of the view that no factual showing has been made by respondents in any affidavits accompanying the answer or in any other written proof that the instant proceeding was instituted more than four months after respondents’ refusal, upon the demand of petitioner, to perform their duty. Not only do respondents have a continuing duty to perform their ministerial duty of auditing and paying petitioner’s claims for his legal services, but the record indicates that respondents did not, prior to the commencement of this proceeding, unequivocally refuse to perform their duty upon the demand of petitioner. Rather, the record indicates that respondents did on March 28,1957, (less than four months prior to the commencement of this proceeding) inform petitioner that his claims had been forwarded to the Law Department of the City of Mount Vernon for an opinion as to the legality of making payment thereof.
In sum, therefore, from a reading of this entire record and all the exhibits, the court is of the opinion that petitioner has established a clear legal right to the relief sought, and that respondents have failed to raise any triable issue of fact or to present any evidentiary facts as shall entitle them to a trial of any such issue of fact.
Petition granted, but without costs. Settle order on notice.