■ In the Matter of JOHN W. GUZZETTA, Respondent, against PAUL A. CAREY, as Comptroller of the City of Mount Vernon, et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act for an order in the nature of mandamus, the appeal is (1) from an intermediate order denying appellants' motion to dismiss the petition for legal insufficiency, and (2) from a final order striking out their answer and directing them to audit and allow respondent's claim for legal services and to deliver checks to the respondent

therefor. Final order modified on the law by striking therefrom the ordering paragraphs and by substituting therefor the following: " Ordered that said petition be granted to the extent hereinafter provided, and it is further Ordered that respondent Paul A. Carey be and hereby is directed to audit the petitioner's claims presented to him, as Comptroller of the City of Mount Vernon, on or about April 13, 1956, and it is further Ordered that, except as hereinbefore granted, said petition be and the same hereby is in all respects denied, without prejudice to any other rights or remedies which petitioner may have against the respondents or either of them, or against the City of Mount Vernon, upon the aforesaid claims." As so modified final order unanimously affirmed, without costs. Within 10 days after the service on him of a certified copy of the order hereon, the appellant Paul A. Carey shall comply with the provisions thereof. Respondent, an attorney at law, was engaged by the Common Council of the City of Mount Vernon to represent the council and one Harry Krauss, as a member thereof, upon appeals to this court and to the Court of Appeals from an order quashing a subpœna requiring said Krauss to appear and testify before the Mayor, who was then conducting an investigation with respect to the performance of a contract with the City of Mount Vernon. After respondent had performed the services for which he was engaged, the Common Council adopted resolutions fixing the amounts due to respondent for his services and disbursements. Claims, based upon said resolutions, verified by respondent, and approved by the President of the Common Council, were duly presented to appellant Carey, as Comptroller of the City of Mount Vernon, on April 13, 1956, pursuant to the provisions of section 92 of the Mount Vernon City Charter (L. 1922, ch. 490, as amd.). By that statute, the Comptroller is forbidden to audit or pay a claim until at least five days have elapsed since its presentation to him, and he is not required to audit a claim until two weeks have expired after the aforesaid five-day period. If, as we shall assume since the parties appear to be in agreement on the question, the claims are such that they may not be paid without audit and allowance by the Comptroller, the Comptroller was under an absolute duty to audit them after the expiration of five days and two weeks after such presentation, and upon failure or refusal he may be compelled to do so by an order in a proceeding brought pursuant to article 78 of the Civil Practice Act. In our opinion, however, the Comptroller, in making the audit, performs a judicial function (cf. Mount Vernon City Charter, § 92; L. 1922, ch. 490, as amd.; *People ex rel. McCabe* v. *Matthies,* 179 N. Y. 242). In such case, while the court may order the officer to perform the duty imposed upon him, it may not direct the manner of performance (*People ex rel. Harris* v. *Commissioners of Land Office,* 149 N. Y. 26). The learned Special Term therefore should not have directed the Comptroller to allow and to pay the claims. Appeal from intermediate order dismissed, without costs. While an appeal may be taken from an intermediate order in conjunction with an appeal from the final order in a proceeding under article 78 of the Civil Practice Act, the appeal from the intermediate order sought to be reviewed was not taken in conjunction with the appeal from the final order but was, concededly, taken about a year before the final order was made, without direction by the court as provided in section 1304 of the Civil Practice Act. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [14 Misc 2d 235.]