John P. Donohoe, J.
This is an article 78 proceeding in the nature of mandamus wherein the petitioner, a resident of the Town of Ramapo, seeks an order directing the respondents, respectively the Town Clerk and Supervisor of the Town of Ramapo, to perform the ministerial acts enjoined upon them by sections 21 and 22 of the Village Law.
The respondents initially did not answer the petition, but interposed objections in point of law thereto pursuant to section 1293 of the Civil Practice Act. The alleged basis for the objections were that, first, the proceedings were not timely brought under section 1286 of the Civil Practice Act, second, that petitioner did not allege a demand upon the respondents for performance of the acts sought to be peremptorily ordered, and, third, that the petitioner did not show standing to bring the proceeding. By opinion dated, June 7, 1961, this court denied the application to dismiss and by order permitted the respondents to defend.
Respondents have interposed what they denominate as an “ answer and return ” and upon the return date demanded a *515 jury trial. However, respondents failed to comply with section 1291 of the Civil Practice Act by not submitting affidavits with their answer.
The petitioner, Unger, alleges that he is a resident of the Town of Eamapo; that on or about December 31,1959 he signed a proposition and consent to the incorporation of the Village of New Square in compliance with section 3 of the Village Law; that a hearing was duly publicized and subsequently held to hear any objections to the proposition for incorporation in compliance with sections 4 and 5 of the Village Law; that thereafter the respondent Supervisor signed a written decision, dated June 27, 1960, a copy of which is annexed to the petition, determining that the proposition, consent and papers filed therewith duly complied with the applicable provisions of the Village Law; that an election was thereafter duly noticed and held to determine the question of incorporation and the favorable results were certified by the inspectors of election, the respondents herein, with the Town Clerk, all pursuant to sections 9, 10, 11, 12, and 14 of the Village Law.
The petitioner further alleges as the gravamen of this proceeding that the respondent Supervisor has failed and/or refused to certify as true and correct an outline map and description of the corporate limits of the village to the Secretary of State as required by section 21 of the Village Law and that the respondent Town Clerk has failed and/or refused to deliver to the Secretary of State, Tax Commission, County Clerk and County Treasurer certified copies of the certificate of the inspectors of election together with a statement of the population as it appears by the proposition for incorporation as required by section 22 of the Village Law.
Thus, it appears from the allegations of the petition that the respondents have permitted the petitioner and others joined in the proposition to gain the threshold of de jure corporate status as a village, but have failed and/or refused to take the final steps to complete the incorporation dictated by the Village Law.
Section 21 of the Village Law provides: “ If the territory is wholly within one town, and a majority of the votes cast is in favor of incorporation, or if it includes parts of two or more towns and a majority of the votes cast in each town is in favor of incorporation, then such territory shall become and be an incorporated village under this chapter from and after the date of such election, and upon the receipt by the supervisor of the town or towns in which the territory constituting the village is situated, of the certificate of the secretary of state under the seal of his office certifying that he has received and has placed *516 on file in Ms office an outline map and description of the corporate limits of such village, certified as being true and correct by the supervisor of the town or towns in which the territory constituting such village is situated, together with the date of filing the same in his office. The certificate of the secretary of state herein required shall become a record of the village clerk’s office, and the date of the filing of the map and description by the secretary of state shall complete the incorporation and be deemed the date of incorporation of such village, unless the election is set aside on appeal as herein provided.”
Section 22 of the Village Law provides: ‘ ‘ After ten and within fifteen days from the filing of the certificate of election, if no appeal has been taken, or within fifteen days after the filing of a final decision sustaining the election, the town clerk with whom such certificate is filed shall deliver a certified copy thereof to the secretary of state, tax commission and to the county clerk and county treasurer of each county in which any part of such village is situated, together with a statement of the population of such village as it appears by the proposition for incorporation.”
1 ‘ Where the law requires a body or officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to its or his own judgment as to the propriety of the act and with no power to exercise discretion, the duty is ministerial in character.” (22 Carmody-Waite, New York Practice, p. 214.)
The acts enjoined upon the respondents respectively by the above-quoted sections and sought to be enforced by this proceeding are purely ministerial in nature.
Petitioners having established what appears to be a clear legal right to the relief herein requested it is incumbent upon respondents to establish grounds for the staying of this court’s hand.
Respondents in their “answer and return ” deny or deny knowledge or information sufficient to form a belief as. to all of the allegations of the petition above recited.
In addition, their “ answer and return” contains certain affirmative defenses. Affirmative defenses denoted as “first”, “ second ” and “ third ” constitute merely a reassertion of the objections in point of law which have been determined adversely to respondents upon the earlier motion to dismiss the petition.
Affirmative defenses “ fourth ”, “ fifth ” and “ sixth ” allege respectively that the proceedings to incorporate are not brought in good faith, are not in accordance with law and for the ulterior purpose of attempting to avoid commitments made by persons and corporations in the area witMn the Town of Ramapo and *517 other political bodies to the detriment and damage of the public at large; that the incorporation is sought for the purpose of creating a segregated community where the streets will be closed on Friday night and Saturday contrary to the law and public policy and that the proceedings to incorporate the village are jurisdictionally defective since many steps required by law were omitted or not properly taken.
These allegations are denied by petitioner in his reply thereto.
Section 1291 of the Civil Practice Act provides in pertinent part: “ Answer. At least two days prior to the return day, unless a different time is fixed in the order to show cause, the respondent shall serve upon the petitioner, and file with the clerk of the court, a verified answer. The answer must contain proper denials and statements of new matter, as in an action, and must set forth such facts as may be pertinent and material to show the grounds of the action taken by the respondent which is complained of; but it may not contain a counterclaim. * * * The respondent shall also serve and submit with the answer affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact.”
The purpose of the requirement of affidavits or other written proof in support of the answer is expressed in Matter of Gardiner v. Harnett (255 App. Div. 106, 108) in these terms, quoting from the Judicial Council Report recommending the adoption of article 78 of the Civil Practice Act: “ Article 78 of the Civil Practice Act was prepared and reported to the Legislature by the Judicial Council of the State of New York. In its report recommending the adoption of the proposed act, the Judicial Council said, in commenting upon section 1291: ‘ The purpose of the requirement that affidavits or other written proof be submitted with the answer, is to enable the court to make a summary disposition of the cause where there are no triable issues of fact, along the lines of rule 113 of the Rules of Civil Practice. The language of this portion of the proposed sections is derived from Rule 113.’ And further says that the serving and filing of supporting affidavits by the petitioner with his petition or reply is optional, and then states that1 It is felt that it would make for undue complexity to require the petitioner to submit affidavits or other written proof in support of his petition and reply and in reply to the respondent’s answering affidavits or other proof, so as to allow the respondent to move for a summary disposition of the cause along the lines of rule 113 of the Rules of Civil Practice. It is the petitioner, and not the respondent, who has need of this summary remedy. ’ ’ ’
*518 Here the record shows that respondents have not served and submitted affidavits containing evidentiary facts “ as shall entitle (them) to a trial of any issue of fact ”.
The only issues which respondents have made any effort to raise by their answer relate to their claim that the procedure followed by them in connection with the incorporation was not in complete compliance with the Village Law and that the petitioner seeks incorporation for improper motives.
As to both of these claims, respondents have themselves brought about the de facto status of the village and have by their own conduct estopped themselves from contending that the proceedings were irregular or motivated by bad faith.
‘ ‘ The regularity or validity of an act cannot be raised by one who procured, or is responsible for it ”. (31 C. J. S. Estoppel, § 108, p. 343.) “ One will not be allowed to bring about a condition by his own willful act, and, then, to further serve his purpose, be allowed to plead or take advantage of such condition ’ ’. (Green v. State, 238 Ala. 659, 662.)
Under these circumstances, this court, following the requirements of section 1291 of the Civil Practice Act, holds that the respondents by failing to submit answering affidavits or other written proof have not shown such evidentiary facts as would entitle them to a trial of any issues of fact. (See Matter of Daly v. Wallace, 2 A D 2d 871 ; Matter of Pratt v. Lark, 7 A D 2d 869 ; Matter of Chiodo v. Rice, 9 A D 2d 688 ; Matter of Guzzetta v. Carey, 14 Misc 2d 235, mod. on other grounds 7 A D 2d 920.)
Triable issue of fact not having been duly raised the relief requested in the petition may be summarily granted. (Civ. Prac. Act, § 1295 ; Matter of Ackerman v. Kern, 256 App. Div. 626, 630, affd. 281 N. Y. 87 ; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 471.) Petition granted, but without costs.