■ VIVIAN PAGE, Appellant, v FRANK MACCHIAROLA, as Chancellor of the New York City Board of Education, Respondent. — In a proceeding pursuant

to CPLR article 78, *inter alia,* to review a determination of the New York City Board of Education which denied petitioner's request for 78 days' credit to her cumulative absence reserve bank, petitioner appeals from a judgment of the Supreme Court, Kings County (Scholnick, J.), dated June 26, 1980, which dismissed the petition upon the granting of respondent's motion to dismiss. Judgment modified, on the law and the facts, by adding thereto, after the provision dismissing the petition, the following: "except insofar as it seeks review of the board's determination, dated April 14, 1980, concerning the alleged improper use of Cumulative Absence Reserve days, and as to that claim the motion to dismiss is denied." As so modified, judgment affirmed, with $50 costs and disbursements to petitioner. Respondent's time to serve an answer is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Petitioner, Vivian Page, a secretary employed by the board of education, alleges that she was injured in July, 1974 in the performance of her job. She maintains that respondent improperly applied 78 days of her cumulative absence reserve (C.A.R.) during the fall, 1974 term when she was unable to work due to the claimed injuries. Petitioner further asserts that due to the use of her C.A.R. days, she was forced to take a medical leave of absence without pay and was wrongfully denied vacation pay for July, 1975. Petitioner filed a grievance with respect to her claims and, after a conference, the board of education denied the grievance and forwarded its final determination to petitioner in a letter dated April 14, 1980. On May 22, 1980, this proceeding was commenced to review the board's decision, as well as petitioner's current school assignment. Respondent moved to dismiss on the ground of the Statute of Limitations. The question presented is the timeliness of the article 78 proceeding. The board's letter dated April 14, 1980 is unequivocally stated to be a "final determination" concerning the use of petitioner's C.A.R. days. The board, however, claims there was a prior final determination and that the letter was merely an explanation. The record before this court is devoid of any final determination concerning C.A.R. days predating the April 14, 1980 letter. The board of education has the burden to make clear "what was or what was not its determination" and "courts should resolve any ambiguity created by the public body against it" (see *Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126-127, decision on rearg 25 NY2d 692). The failure to document the alleged prior decision is critical and as to the claim with respect to C.A.R. days, renders the instant proceeding timely as it was commenced within four months of the receipt of the April, 1980 letter (cf. *Matter of Sirles v Cordary,* 49 AD2d 330, 332, affd 40 NY2d 950; *Matter of Baron v Mackreth,* 30 AD2d 810, affd 26 NY2d 1039; *Matter of O'Buck v City of Yonkers,* 2 AD2d 775). If, in fact, a prior final determination exists, respondent may plead it in his answer. The record, however, reveals that petitioner did not challenge the board's determination dated August 2, 1976, which denied her grievance with respect to her school assignment. Therefore, that part of the petition is dismissed. We have considered the other points raised and find them to be without merit. Accordingly, the petition is reinstated only to the extent that review is sought of the board's determination dated April 14, 1980 concerning the alleged improper use of C.A.R. days. Lazer, J. P., Rabin, Cohalan and Bracken, JJ., concur.