OPINION OF THE COURT
William H. Keniry, J.
The primary issue raised before the court is whether a county may maintain a CPLR article 78 proceeding against the State of New York seeking payment of outstanding property taxes due on State-owned land during the pendency of *1088 tax certiorari proceedings challenging the propriety of the underlying assessments.
The petitioner, the County of Fulton, seeks a judgment compelling the State of New York (State), the State Board of Equalization and Assessment (SBEA), the State Comptroller (Comptroller) and the Hudson River-Black River Regulating District (the District) to pay certain property taxes totaling $444,076.47 for the year 1987 and $496,518.04 for the year 1988 covering some 380 parcels of land situate in the Town of Northampton, Fulton County. As a result of the State’s failure to pay the taxes levied, the county had to credit and reimburse the town and affected school districts for such uncollected taxes.
The respondents move to dismiss the petition in point of law under CPLR 7804 (f) contending that the court lacks subject matter jurisdiction and that the petition fails to state a cause of action. The respondents argue that the relief sought by petitioner, the payment of the delinquent 1987 and 1988 property taxes, is in actuality a claim for money damages which must be brought in the Court of Claims (Court of Claims Act § 8). Next, they contend that mandamus to compel payment of the unpaid taxes does not lie since petitioner does not possess a clear legal right to the relief. Finally, respondents contend that the proceeding was not commenced within four months of a demand for payment and a refusal thereof as mandated by CPLR 217.
On a motion to dismiss, the court must accept all of the petitioner’s allegations as being true; must accord petitioner all favorable inferences which could be drawn therefrom and must deny the motion if there is any factual basis upon which petitioner is prima facie entitled to relief (Matter of Nistal v Hausauer, 308 NY 146; Matter of Lack v Kreiner, 91 AD2d 813).
In this case, the petitioner seeks an order compelling the respondents to pay the outstanding tax obligations. Generally, Real Property Tax Law § 544 mandates payment of taxes levied on State lands by the Comptroller. ECL 15-2111 (8) provides that real estate acquired by a river regulating district shall be taken in the name of the State of New York. ECL 15-2115 provides that taxes levied thereon shall be paid by the river regulating district under whose authority the land was acquired. Thus, both the Comptroller and the District appear statutorily responsible for the payment of the *1089 taxes involved in this proceeding. It is well established that a taxpayer’s pending challenge to an assessment does not stay a municipality’s right to collect outstanding taxes (Grant Co. v Srogi, 52 NY2d 496). In view of the respondents’ refusal to make such payment and based upon Real Property Tax Law § 1174, which precludes the petitioner from initiating an action to foreclose a tax lien against State-owned property, this court concludes that an application in the nature of mandamus lies. Otherwise, the petitioner would be left without a remedy. Although a favorable outcome in this proceeding would force the respondents’ payment of the disputed taxes (see, Matter of Gross v Perales, 72 NY2d 231), the primary thrust of the petition is to compel the respondents to perform their statutory duty. Under the circumstances, the petition states a prima facie claim to the relief requested with one exception. The law clearly precludes the imposition of any interest or penalty upon the State’s failure to pay its taxes (Real Property Tax Law § 544 [2]). Thus that portion of the petition seeking recovery of interest and penalties fails to state a cause of action and must be dismissed.
The court further concludes that dismissal of this proceeding under CPLR 217 is not warranted on the record presented. Initially, the Town of Northampton, and subsequently the petitioner, served notice upon respondents that certain taxes were due and payable. The respondents have refused to pay the taxes. The respondents, on this motion, have failed to make a prima facie factual showing that the instant proceeding was instituted more than four months after a demand for payment and a refusal thereof occurred (see, Matter of Guzzetta v Carey, 14 Misc 2d 235, mod on other grounds 7 AD2d 920).
The respondents’ motion to dismiss in point of law is granted in part and denied in part, without costs. Respondents are directed to serve answers to the petition within 10 days of the service upon them of a copy of the order herein with notice of entry.