■ GARDEN CITY CENTER ASSOCIATES et al., Appellants-Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents-Appellants, and TAX RECEIVER OF THE TOWN OF HEMPSTEAD et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the plaintiffs are entitled to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b, which resolutions were held invalid by the Court of Appeals *(see, Matter of Walker v Board of Assessors,* 66 NY2d 702), (1) the plaintiffs appeal (a) from stated portions of an order of the Supreme Court, Nassau County (Berman, J.), entered October 10, 1984, which, *inter alia,* dismissed all causes of action except for the first and third causes of action, and denied their motion for class action certification, and (b), as limited by their notice of appeal and brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered July 21, 1987, which, upon reargument, *inter alia,* (i) adhered to the original determination denying the plaintiffs' motion for class certification, (ii) declared that only those plaintiffs which had brought proceedings pursuant to RPTL article 7 are entitled to refunds of excess taxes paid as a result of the improper revocation of their exemptions, and (iii) directed that the respective school districts pay refunds to those plaintiffs which had brought proceedings pursuant to RPTL only for the tax years for which they brought such

proceedings; (2) the defendants Board of Assessors of the County of Nassau and the County of Nassau cross-appeal from so much of the order entered October 10, 1984 as denied those branches of their motion which were to dismiss the first cause of action insofar as it is asserted against them and to dismiss the cross claim of the Valley Stream Union Free School Districts Nos. 13 and 24 against them; (3) the defendant school districts cross-appeal from (a) so much of the order entered October 10, 1984 as denied those branches of their motions which were for summary judgment dismissing the first and third causes of action insofar as they are asserted against them; and (b), as limited by their notices of appeal and their briefs, from stated portions of the order and judgment entered July 21, 1987 which, *inter alia,* denied a motion of the school districts except the Valley Stream Union Free School Districts Nos. 13 and 24 for summary judgment dismissing the action against them for failure to state a cause of action and declared the school districts liable for the tax refunds awarded the plaintiffs. The notice of appeal of the defendants Valley Stream Union Free School Districts Nos. 13 and 24 from the order entered October 10, 1984 is deemed a premature notice of appeal from the order and judgment.

Ordered that the appeal and the cross appeals from the order entered October 10, 1984 are dismissed, without costs or disbursements, as that order was superseded by the order and judgment entered July 21, 1987; and it is further,

Ordered that the cross appeal by Valley Stream Union Free School District No. 13 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order and judgment entered July 21, 1987, is modified, on the law, (1) by deleting so much of the twelfth decretal paragraph thereof as denied the motion of the school districts except for Valley Stream Union Free School District Nos. 13 and 24 for summary judgment dismissing the action as against them and substituting therefor a provision granting that motion, (2) by deleting the seventh decretal paragraph thereof, and (3) by deleting the ninth and tenth decretal paragraphs thereof insofar as those decreted paragraphs are applicable to parties other than the Valley Stream Union Free School District No. 13, and substituting therefor a provision in favor of all the school districts except the Valley Stream Union Free School District No. 13 declaring that they are not liable for tax refunds; as so modified the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the action against the defendants Board of Assessors of the County of Nassau and County of Nassau is severed and their time to serve an answer to the complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of an order and judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment *(see,* CPLR 5501 [a] [1]).

The factual and procedural history of this case is described in this court's decision in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

In view of the fact that the plaintiffs herein commenced a declaratory judgment action challenging the assessments in question in February 1984, we find that they sufficiently protested tax payments made subsequent thereto and while the action was still pending *(see, Corporate Prop. Investors v Board of Assessors, supra).* However, so much of the order and judgment as awarded tax refunds against the school districts, except for the provision relating to the Valley Stream Union Free School District No. 13, must be vacated. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for the tax refunds in question *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822). We cannot grant the plaintiffs summary judgment on the issue of refund liability against the county defendants since there has not been joinder of issue with respect to those defendants *(see,* CPLR 3211 [c]; 3212 [a]; *Milk v Gottschalk,* 29 AD2d 698). In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

We additionally note that class certification was properly denied since tax refund claims are personal to the individual taxpayers *(see, Gandolfi v City of Yonkers,* 101 AD2d 188, 197).

The other contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.