■ In the Matter of CHASCO COMPANY et al., Appellants, v GARY F. MUSIELLO et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel correction of an

assessment roll and reinstatement of the tax exemption provided by RPTL 485-b, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered June 10, 1987, as dismissed that branch of the petition which was to compel correction of the 1985/1986 assessment roll and issuance of a corrected tax bill.

Ordered that the judgment is modified, on the law, by deleting so much of the fourth and sixth decretal paragraphs thereof as dismissed that branch of the petition which was to compel correction of the 1985/1986 assessment roll and issuance of a corrected tax bill, and for such "further relief" as the court deems proper, insofar as that branch of the petition is asserted against the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau, and that branch of the petition is reinstated insofar as it is asserted against the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the respondents the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau to serve an answer to the petition is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The antecedent factual and procedural history of this case is described in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]) and *Matter of Coliseum Towers Assocs. v Livingston* (153 AD2d 683 [decided herewith]).

The Supreme Court erred in dismissing so much of the instant petition as was to compel the Board of Supervisors and the Board of Assessors of the County of Nassau (hereinafter the county respondents) to act upon the petitioners' application for correction of the 1985/1986 assessment roll and for issuance of a corrected tax bill *(see, Matter of Coliseum Towers Assocs. v Livingston, supra)*. However, whether or not the petitioners herein are entitled to a tax refund cannot be determined at this juncture since the county respondents have not yet served their answer.

We find no merit to the county respondents' contention that the applicable four-month Statute of Limitations began to run on August 1, 1985, when the assessment roll became final, and that therefore this proceeding was untimely commenced. Where the relief sought is to compel a public body to perform

a duty enjoined upon it by statute, the applicable four-month limitation period does not begin to run until the public body refuses to comply with the petitioner's demand to perform the duty in question (CPLR 217; *see, Matter of O'Buck v City of Yonkers,* 2 AD2d 775). There is no indication in the record that the county respondents have affirmatively refused to comply with the petitioners' requests. If there was, in fact, a refusal more than four months before commencement of the proceeding, the county respondents may plead it in their answer *(see, Matter of O'Buck v City of Yonkers, supra,* at 776).

Insofar as the instant petition asserted a claim for relief against Jericho Union Free School District No. 15, it was properly dismissed. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for tax refunds *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822).

The remaining contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.