■ In the Matter of COLISEUM TOWERS ASSOCIATES, Appellant, v ROBERT D. LIVINGSTON et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel correction of an assessment roll and reinstatement of the tax exemption provided by RPTL 485-b, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered June 10, 1987, as dismissed that branch of the petition which was to compel correction of the 1985/1986 assessment roll and issuance of a corrected tax bill.

Ordered that the order and judgment is modified, on the law, by deleting so much of the fourth and sixth decretal paragraphs thereof as dismissed that branch of the petition which was to compel correction of the 1985/1986 assessment roll and issuance of a corrected tax bill, and for such "further relief" as the court deems proper insofar as that branch of the petition is asserted against the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau, and that branch of the petition is reinstated insofar as it is asserted against the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau; as so modified, the order and judgment is affirmed

insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the respondent Board of Supervisors of the County of Nassau and the respondent Board of Assessors of the County of Nassau to serve an answer to the petition is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The antecedent factual and procedural history of this case is described, in part, in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]).

After the determination in October 1985 of the Court of Appeals in *Matter of Walker v Board of Assessors* (66 NY2d 702), a number of Nassau County taxpayers, including the petitioner herein, submitted applications to the Nassau County Department of Assessment requesting correction of the 1985/1986 final assessment roll and issuance of corrected tax bills for the 1985/1986 tax year, and in some instances, tax refunds. These taxpayers subsequently commenced proceedings pursuant to CPLR article 78, *inter alia,* to compel the Board of Supervisors and the Board of Assessors of the County of Nassau (hereinafter the county respondents) to act upon their applications, invoking the statutory procedure for the correction of errors on assessment rolls set forth in RPTL 550 *et seq.* and Nassau County Administrative Code § 6-24.0 *et seq.*

In the instant proceeding brought by Coliseum Towers Associates, the county respondents moved to dismiss the proceeding on the grounds that the applicable Statute of Limitations had expired and for failure to state a cause of action. The respondent school district moved to dismiss the proceeding on the ground, *inter alia,* that it was not a proper party thereto.

The Supreme Court held, in pertinent part, that the petitioners have "failed to demonstrate entitlement to enforcement of a clear legal right which a ministerial officer has failed to perform, [such that] mandamus does not lie and the petitions must be dismissed * * * except insofar as petitioners seek prospective correction of tax bills based upon *[Matter of] Walker v Board of Assessors*". In this regard, the court held that neither the "correction of errors" provisions of the RPTL nor the Nassau County Administrative Code provides for the correction of errors occasioned by "intervening changes in the law". The court further stated that while the Nassau County Administrative Code provides for correction of an "illegal" assessment, the assessments in question were correct at the

time they were made under this court's then-valid decision in *Matter of Walker v Board of Assessors* (103 AD2d 580).

We disagree and hold that the error complained of on the 1985/1986 assessment roll was subject to correction. RPTL 550 *et seq.* deals generally with the procedure to be followed in effecting correction of errors on an assessment roll and must be read in conjunction with the more specific provisions of Nassau County Administrative Code § 6-24.0 *et seq.*, which are not inconsistent with the provisions of the RPTL (RPTL 559 [1], [2]; *see generally, Matter of Stevens Med. Arts Bldg. v City of Mount Vernon*, 72 AD2d 177). The RPTL specifically provides for the correction, *inter alia*, of "an incorrect entry of assessed valuation on an assessment roll * * * for a parcel which, except for failure on the part of the assessor to act on a partial exemption, would be eligible for such partial exemption" (RPTL 550 [2] [c]; 552; *see,* Nassau County Administrative Code § 6-24.0 [4]). Therefore, the error occasioned by the school district's resolutions purporting to opt out of the RPTL 485-b exemption scheme, which were subsequently declared invalid by the Court of Appeals, comes within the ambit of errors subject to correction under the RPTL *(see also,* mem of Dept of Audit and Control, 1974 NY Legis Ann, at 265-266). The petitioner, having filed an application for the correction of the 1985/1986 assessment roll on the form provided by the Nassau County Department of Assessment *(see,* RPTL 554 [2], [3]), and the county respondents having failed to act on the application in the manner prescribed by statute *(see,* RPTL 554 [4], [5]; Nassau County Administrative Code § 6-24.0 [4]; § 6-26.0 [a]), a special proceeding to compel the county respondents to perform their statutory duty was appropriate (CPLR 7803 [1]; *see, e.g., Saggolf Corp. v Town Bd.,* 63 AD2d 428; *Matter of County of Fulton v State of New York,* 141 Misc 2d 1087, 1089). Accordingly, the Supreme Court erred in dismissing so much of the instant petition as was to compel the county respondents to act upon the petitioner's application for correction of the 1985/1986 assessment roll and for issuance of a corrected tax bill. However, whether or not the petitioner herein is entitled to a tax refund cannot be determined at this juncture since the county respondents have not yet served their answer.

We find no merit to the county respondents' contention that the applicable four-month Statute of Limitations period began to run on August 1, 1985, when the assessment roll became final and that therefore this proceeding was untimely commenced. Where the relief sought is to compel a public body to

perform a duty enjoined upon it by statute, the applicable four-month limitation period does not begin to run until the public body refuses to comply with the petitioner's demand to perform the duty in question (CPLR 217; *see, Matter of O'Buck v City of Yonkers,* 2 AD2d 775). There is no indication in the record that the county respondents have affirmatively refused to comply with the petitioner's request. If there was, in fact, a refusal more than four months before institution of the proceeding, the county respondents may plead it in their answer *(see, Matter of O'Buck v City of Yonkers, supra,* at 776).

Insofar as the instant petition alleged a claim for relief against the Uniondale Union Free School District No. 2, it was properly dismissed. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for tax refunds *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822).

The parties' remaining contentions are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.