■ In the Matter of JERICHO QUADRANGLE ONE COMPANY, Appellant, v GARY F. MUSIELLO et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel correction of an assessment roll and reinstatement of the tax exemption provided by RPTL 485-b, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), dated December 5, 1986, as dismissed the proceeding as against the respondent Board of Supervisors of the County of Nassau, the respondent Board of Assessors of the County of Nassau, and the respondent Board of Education, Jericho Union Free School District No. 15.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the proceeding as against the respondents the Board of Supervisors of the County of Nassau and the Board of Assessors of the County of Nassau, and the petition is reinstated only as against those respondents; as so modified, the judgment is affirmed insofar

as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the respondent the Board of Supervisors of the County of Nassau and the respondent Board of Assessors of the County of Nassau to serve an answer to the petition is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The antecedent factual and procedural history of this case is described, in part, in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656 [decided herewith]) and *Matter of Coliseum Towers Assocs. v Livingston* (153 AD2d 683 [decided herewith]).

The Supreme Court erred in dismissing so much of the instant petition as was to compel the Board of Supervisors and the Board of Assessors of the County of Nassau (hereinafter the county respondents) to act upon the petitioner's application for correction of the 1985/1986 assessment roll and for issuance of a corrected tax bill *(see, Matter of Coliseum Towers Assocs. v Livingston, supra)*. However, whether or not the petitioner herein is entitled to a tax refund cannot be determined at this juncture since the county respondents have not yet served their answer.

We find no merit to the county respondents' contention that the applicable four-month Statute of Limitations began to run on August 1, 1985, when the assessment roll became final such that this proceeding was untimely commenced. Where the relief sought is to compel a public body to perform a duty enjoined upon it by statute, the applicable four-month limitation period does not begin to run until the public body refuses to comply with the petitioner's demand to perform the duty in question (CPLR 217; *see, Matter of O'Buck v City of Yonkers,* 2 AD2d 775). There is no indication in the record that the county respondents have affirmatively refused to comply with the petitioner's request. If there was, in fact, a refusal more than four months before commencement of the proceeding, the county respondents may plead it in their answer *(see, Matter of O'Buck v City of Yonkers, supra,* at 776).

In addition, we reject the alternate finding of the Supreme Court, urged by the county respondents on appeal in support of dismissal, that the instant proceeding in the nature of mandamus to compel was premature because the petitioner's application for correction and for a refund had not been denied, owing to the county respondents' failure to take "any

steps * * * which will result in either approval * * * or rejection * * * of the petitioner's application". To the contrary, we find that mandamus to compel was properly invoked to require the county respondents to carry out the statutory procedures to be followed upon application by a taxpayer for correction of the assessment roll and to procure a refund *(see,* RPTL 550 *et seq.;* Nassau County Administrative Code § 6-24.0 *et seq.; Matter of Coliseum Towers Assocs. v Livingston, supra).*

Insofar as the instant petition alleged a claim for relief against the Jericho Union Free School District No. 15, it was properly dismissed. Nassau County Administrative Code § 6-26.0 (b) (3) (c) (L 1948, ch 851, § 2) relieves the school districts from liability for tax refunds *(see, Corporate Prop. Investors v Board of Assessors, supra; see also, Vantage Petroleum v Board of Assessment Review,* 91 AD2d 1037, 1038-1039, *affd* 61 NY2d 695, citing *Matter of Sperry Rand Corp. v Board of Assessors,* 77 AD2d 822).

The remaining contentions of the parties are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.