■ In the Matter of NATIONAL AMUSEMENTS, INC., et al., Appellants, v COUNTY OF NASSAU et al., Respondents.—Motion by the appellants for reargument of an appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered June 10, 1987, as dismissed that branch of the petition in a proceeding pursuant to CPLR article 78 which was to compel correction of the 1985/1986 assessment roll and payment of a tax refund for that tax year, which was determined by decision and order of this court dated August 21, 1989, or, in the alternative, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for reargument is granted, upon reargument, the decision and order of this court dated August 21, 1989, is recalled and vacated, and the following decision and order is substituted therefor, and the motion is denied in all other respects.

In a proceeding pursuant to CPLR article 78, *inter alia,* to compel correction of the 1985/1986 assessment roll and payment of refunds of excess taxes paid as a result of the improper revocation of the tax exemption provided by RPTL 485-b, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered June 10, 1987, as dismissed that branch of the petition which was to compel correction of the 1985/1986 assessment roll and payment of a tax refund for that tax year.

Ordered that the order and judgment is modified, on the law, by (1) deleting so much of the fourth decretal paragraph

thereof as dismissed so much of the petition as demanded from the County of Nassau and the Board of Assessors of the County of Nassau a refund of "all such funds collected in excess of the proper tax" as a result of the "resolution establishing the tax roll for the year 1985-86 * * * and which allowed the respondent school districts to 'opt out' of the section 485-b program" and reinstating that portion of the petition insofar as it is asserted against the county defendants, (2) adding a provision thereto converting the proceeding into an action for a declaratory judgment (see, CPLR 103 [c]), with the petition deemed the complaint, and (3) adding a provision thereto declaring that the Union Free School District No. 30 of the Town of Hempstead, the Jericho Union Free School District No. 15 of the Town of Oyster Bay, and the receivers of taxes of the Town of Hempstead and the Town of Oyster Bay are not liable for tax refunds; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the action against the defendants Board of Assessors of the County of Nassau and County of Nassau is severed and their time to serve an answer to the complaint is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The antecedent factual and procedural history of this case is described in *Corporate Prop. Investors v Board of Assessors* (153 AD2d 656), and *Matter of Coliseum Towers Assocs. v Livingston* (153 AD2d 683).

Since the record indicates that the appellants never filed applications for the correction of the 1985/1986 assessment roll with the Nassau County Department of Assessment (see, RPTL 554 [2], [3]), a special proceeding to compel the county respondents to carry out the statutory procedures for correction of the assessment roll does not lie (cf., *Matter of Coliseum Towers Assocs. v Livingston, supra*).

That a proceeding was brought in an improper form does not, however, necessarily warrant dismissal since CPLR 103 (c) authorizes the court to "make whatever order is required for its proper prosecution" (see, *Matter of Corbeau Constr. Co. v Board of Educ.*, 32 AD2d 958). If appropriate, the proceeding may be converted into one for a declaratory judgment (see, *Matter of Concord Realty Co. v City of New York*, 30 NY2d 308, 314). In view of the fact that the verified petition specifically requested, *inter alia*, that the named respondents be directed "to refund forthwith to the petitioner[s] all such funds collected in excess of the proper tax", we find that the

instant proceeding may be properly converted into an action for a judgment declaring the plaintiffs' entitlement to a refund of excess taxes paid as a result of certain school district resolutions purporting to opt out of the tax exemptions provided by RPTL 485-b.

In addition, we note that under this court's holding in *Garden City Center Assocs. v Board of Assessors* (153 AD2d 667), the commencement of the instant proceeding, which included an explicit claim for tax refunds owing as a result of the improper assessments, also satisfied the protest requirement with respect to tax payments made subsequent thereto and while the action was still pending. However, we cannot grant summary judgment on the issue of whether the county defendants are liable for tax refunds since there has not been joinder of issue with respect to these defendants *(see, Corporate Prop. Investors v Board of Assessors, supra)*. In light of this determination, we do not consider the effect of Laws of 1989 (ch 702) on the county defendants' liability, if any.

We have examined the parties' remaining contentions and find that they are either without merit or need not be addressed in light of our determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.