■ In the Matter of OLYMPIC TOWER ASSOCIATES, Respondent, v CITY OF NEW YORK et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered February 26, 1991, which, *inter alia,* granted petitioner tax refunds with interest pursuant to Real Property Tax Law § 421-a in respect to a commercial condominium unit for the tax years 1978/79 through 1984/85, unanimously affirmed, without costs or disbursements.

This CPLR article 78 proceeding challenged Real Property Tax Law § 421-a tax refunds granted to petitioner by the municipal respondent and its taxing authorities in respect to a commercial unit in the Olympic Tower condominium as more fully set forth in a Letter of Remission dated July 7, 1988. Petitioner claimed that remissions were incorrectly calculated for the tax years 1985/86 and 1986/87 and that the calculations should have reflected remissions for the years 1978/79 through 1984/85, an application for tax exemptions having been submitted on or about March 13, 1973.

Petitioner was provided with a determination on its application for the specific relief by letter dated July 7, 1988. Accordingly, this proceeding, commenced on November 7, 1988, within four months of the July 7, 1988 determination, was timely pursuant to CPLR 217. The four-month limitation does not begin to run until the taxpayer receives direct and explicit communication regarding a request for a tax remission *(Matter of 301-52 Townhouse Corp. v Click,* 113 Misc 2d 1050;

*Matter of Coliseum Towers Assocs. v Livingston*, 153 AD2d 683, *lv dismissed* 75 NY2d 801). Nor does laches, which, in this context, "refers solely to the unexcused lapse of time" in making a demand *(Matter of Devens v Gokey*, 12 AD2d 135, 137, *affd* 10 NY2d 898), apply since petitioner had a pending application before the agency and commenced this action to review the determination ultimately made by the City.

The doctrine of res judicata, based on prior settlement agreements entered into between petitioner and respondents and covering the residential but not the commercial units, is also inapplicable since the doctrine may be invoked only where a judgment on the merits has been entered. *(See, e.g., O'Brien v City of Syracuse*, 54 NY2d 353.) A settlement agreement must be interpreted as any other contract. The agreements at issue, by their terms, clearly do not bar the present action. Concur—Sullivan, J. P., Carro, Ross, Asch and Smith, JJ.