■ In the Matter of CHASCO COMPANY et al., Appellants, v GARY F. MUSIELLO et al., Respondents. [612 NYS2d 212] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the issuance of corrected tax bills, and to compel the refund of excess taxes and interest and penalties paid, the appeal is from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered December 18, 1991, as denies that branch of the petition which was to compel the refund of $156,010.33, representing the penalties and interest paid.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to compel the refund of $156,010.33 is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an amended judgment in accordance herewith.

In September 1985, the Board of Assessors of the County of Nassau (hereinafter the Assessors) issued tax bills for the first half of the 1985/86 tax year to the petitioners which improperly eliminated their business investment exemption pursuant

to RPTL 485-b. Prior to the date on which the tax bills could be paid without interest or penalties, the petitioners filed an application with the Assessors to correct their tax bills. The Assessors took no action, and the petitioners failed to pay their tax bills, including the amount in dispute as a result of the elimination of the business investment exemption. Thereafter, the petitioners commenced this CPLR article 78 proceeding to compel the Assessors to issue corrected tax bills. While the proceeding was pending in the Supreme Court the petitioners paid their incorrect tax bills, including all the interest and penalties that had accrued thereon.

The Supreme Court dismissed the petition, but we reversed *(see, Matter of Chasco Co. v Musiello,* 153 AD2d 681) finding that the Supreme Court erred in dismissing that portion of the petition which sought to compel the Assessors to issue corrected tax bills. We also ruled that because the Assessors had not yet filed an answer to that petition, we could not determine whether the petitioners were entitled to a tax refund *(see, Matter of Chasco Co. v Musiello, supra,* at 682).

Upon remittitur to the Supreme Court, the petitioners, *inter alia,* sought to recover the excess taxes they had paid, as well as the interest and penalties paid on the entire tax bill. In a judgment entered December 18, 1991, the Supreme Court, *inter alia,* directed the Assessors to refund to the petitioners the amount of 1985/86 taxes paid in excess of the correct tax bills plus the interest and penalties paid on the excess taxes. The Supreme Court, however, found that the petitioners were not entitled to a refund of the interest and penalties they had paid on the correct amount of taxes.

This appeal by the petitioners is from that portion of the judgment which denied recovery of the sum of $156,010.33, representing the interest and penalties they paid on the correct tax bills as a result of their failure to pay the tax bills on the due date.

We find that the petitioners are entitled to a refund of the amount stated. At the time the petition was filed RPTL 554 (1) provided in pertinent part that the appropriate tax levying body "may correct a clerical error or an unlawful entry * * * in accordance with the provisions of this section". In *Matter of Coliseum Towers Assocs. v Livingston* (153 AD2d 683, *affd* 80 NY2d 961), a companion case to our prior decision on this case, we held that the error involved in eliminating the petitioners' business investment exemption was a clerical error which comes "within the ambit of errors subject to correction under the RPTL" *(Matter of Coliseum Towers As-*

socs. *v Livingston, supra,* at 685). RPTL 554 (7) (a) provides that "[a]n applicant who files his application with the county director within the period when taxes may be paid without interest, may, if his application is approved, pay the corrected tax as determined by the tax levying body without interest if payment is made within eight days of the date on which the notice of approval is mailed pursuant to paragraph (g) of subdivision five of this section". Since the petitioners made the application for correction within the parameters of RPTL 554, and since the petitioners were never notified that their applications were approved so as to trigger the eight day time period referred to in RPTL 554 (7) (a), no interest or penalties were appropriate. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.